1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM J. WHITSITT,                          No.  2:22-cv-2114 KJN P

12                  Plaintiff,

13         v.                                       ORDER

14   TIM SPENCER, et al.,

15                  Defendants.

16

17         Plaintiff is a former county jail inmate prisoner, proceeding without counsel.  Plaintiff

18   seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302

20   pursuant to 28 U.S.C. § 636(b)(1).

21         Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis is granted.

23   Screening Standards

24         The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

27   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

                                                   1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

8    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

9    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

10   1227.

11          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

12   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

15   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

16   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

17   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

18   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

20   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

21   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

22   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

23   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

24   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

25   Plaintiff's Complaint

26          Plaintiff alleges that he was denied the tablet given to all inmates at jail intake for legal

27   research.  Plaintiff also alleges he was denied his right to bring a grievance on the issue; plaintiff

28   filed three kites requesting forms with defendant Spencer but received nothing.  Plaintiff purports

1 to bring a RICO conspiracy claim, and alleges violation of his Fourteenth Amendment due

2 process rights, equal protection rights, and the intentional infliction of distress by continued acts

3 of RICO conspiracy.  As defendants, plaintiff names Tim Spencer, sheriff's deputy, the

4 Sacramento County Jail and Sacramento County.  Plaintiff seeks money damages.

5 Legal Standards

6       Plaintiff is provided the following legal standards based on plaintiff's pro se status and the

7 nature of his allegations.

8               No Due Process Right to File Grievance

9       The Due Process Clause protects plaintiff against the deprivation of liberty without due

10 process under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  However, there is no

11 stand-alone due process claim for the prison grievance process itself.  Ramirez v. Galaza, 334

12 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  A prison

13 official's denial of a grievance does not itself violate the Constitution.  Evans v. Skolnik, 637 F.

14 App'x 285, 288 (9th Cir. 2015).  Thus, the denial of plaintiff's grievances cannot constitute a due

15 process violation.  See, e.g., Bradway v. Rao, 2020 WL 8919180, at *1 (E.D. Cal. July 15, 2020);

16 Daniels v. Aguillera, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to

17 any particular grievance process, it is impossible for due process to have been violated by

18 ignoring or failing to properly process prison grievances."); Wright v. Shannon, 2010 WL

19 445203, at *5 (E.D. Cal. 2010).

20               Criminal Actions Not Cognizable

21       Although plaintiff seeks to hold defendants liable for various alleged criminal acts,

22 plaintiff provides no authority for the proposition that he has a private right of action to assert a

23 violation of criminal statutes, and no such right generally exists.  See Aldabe v. Aldabe, 616 F.2d

24 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in the United States Code

25 "provide no basis for civil liability"); Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir.

26 1999) ("sections of the California Penal Code . . . do not create enforceable individual rights").

27 Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot recover

28 civil damages for an alleged violation of a criminal statute.  Federal Sav. & Loan Ins. Corp. v.

1    Reeves, 816 F.2d 130, 138 (4th Cir. 1987) (where there is no affirmative indication that Congress

2    intended to furnish a civil remedy, no civil cause of action exists).

3         Civil Conspiracy

4         To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts

5    showing an agreement or meeting of minds between the defendants to violate his constitutional

6    rights.  Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989).  Plaintiff must also

7    show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy.

8    Id.  "'To be liable, each participant in the conspiracy need not know the exact details of the plan,

9    but each participant must at least share the common objective of the conspiracy.'"  Franklin v.

10   Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge

11   Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

12        The federal system is one of notice pleading, however, and the court may not apply a

13   heightened pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and

14   County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa

15   Clara, 307 F.3d 1119, 1126 (2002).  Although accepted as true, the "[f]actual allegations must be

16   [sufficient] to raise a right to relief above the speculative level. . . ."  Bell Atl. Corp. v. Twombly,

17   550 U.S. 544, 555 (2007).  A plaintiff must set forth "the grounds of his entitlement to relief[,]"

18   which "requires more than labels and conclusions, and a formulaic recitation of the elements of a

19   cause of action. . . ."  Id.  A mere allegation of conspiracy without factual specificity is

20   insufficient."  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).

21        Access to the Courts

22        Inmates have a fundamental right of access to the courts.  Lewis v. Casey, 518 U.S. 343,

23   346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that

24   prisoners' First and Fourteenth Amendment rights to access the courts without undue interference

25   extend beyond the pleading stages"), overruled on other grounds as stated by Richey v. Dahne,

26   807 F.3d 1202, 1209 n.6 (9th Cir. 2015).  The right is limited to direct criminal appeals, habeas

27   petitions, and civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise

28   from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking

                                                    4

access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).  A plaintiff must show that he suffered an "actual injury" by being shut out of court.  Lewis, 518 U.S. at 350-51.  An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim.  Id. at 351.

Further, a plaintiff must identify the underlying lawsuit that forms the basis of the claim with sufficient detail so that the court can determine whether it was a non-frivolous, arguable claim.  Christopher, 536 U.S. at 415 ("It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.")  A plaintiff must further identify the acts that frustrated his claim, and how his claim was frustrated, as well as identify the remedy sought.

Discussion

Plaintiff's allegations, as currently pled, fail to state a cognizable civil rights claim.  As set forth above, plaintiff cannot state a cognizable due process clause based on his allegation that he was denied grievance forms.  In addition, on the alleged facts, plaintiff cannot state a claim based on a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Further, plaintiff alleges no facts demonstrating a meeting of the minds among defendants sufficient to suggest plaintiff could state a plausible civil conspiracy claim.  Finally, it is unclear whether plaintiff can state a cognizable access to the courts claim.  Plaintiff failed to identify an actual injury sustained as a result of the alleged deprivation of the tablet, and he did not identify the lawsuit he intended to research.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  For all of these reasons, plaintiff's complaint must be dismissed.  The court, however, grants leave to file an amended complaint.

////

5

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

2   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

3   West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

4   each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

5   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

6   defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

7   F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

8   participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

9   268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

11   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12   complaint be complete in itself without reference to any prior pleading.  This requirement exists

13   because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

14   v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

15   supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

16   omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

17   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

18   and the involvement of each defendant must be sufficiently alleged.

19    In accordance with the above, IT IS HEREBY ORDERED that:

20    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

21    2.  Plaintiff's complaint is dismissed.

22    3.  Within thirty days from the date of this order, plaintiff shall complete the attached

23   Notice of Amendment and submit the following documents to the court:

24    a.  The completed Notice of Amendment; and

25    b.  An original of the Amended Complaint.

26   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

27   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

28   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

6

1    Failure to file an amended complaint in accordance with this order may result in the

2  dismissal of this action.

3    4.  The Clerk of the Court shall send plaintiff a copy of the civil rights complaint form

4  filed by a prisoner.

5  Dated:  March 29, 2023

6

7                                                  KENDALL J. NEWMAN
                                                   UNITED STATES MAGISTRATE JUDGE

8  /whit2114.14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM J. WHITSITT,                    No.  2:22-cv-2114 KJN P

                    Plaintiff,
12
13        v.                                 <u>NOTICE OF AMENDMENT</u>

14   TIM SPENCER, et al.,

15                   Defendants.

16        Plaintiff submits the following document in compliance with the court's order

17   filed_____.

18        _____        Amended Complaint
     DATED:
19

20

21                                    _____
                                      Plaintiff
22

23

24

25

26

27

28